20 c 7807



# SALVATO O'TOOLE & FROYLAN
## ATTORNEYS AT LAW

**Carl S. Salvato**
CSS@SALVATOOTOOLE.COM

**Paul G. O'Toole**
PGO@SALVATOOTOOLE.COM

**David Froylan**
DF@SALVATOOTOOLE.COM

53 WEST JACKSON BOULEVARD, SUITE 1750
MONADNOCK BUILDING
CHICAGO, ILLINOIS 60604
PHONE (312) 583-9500
FAX (312) 583-1910

**Darren M. Kozlowski**
DMK@SALVATOOTOOLE.COM

**John C. Coyne**
JCC@JOHNCCOYNELAW.COM
OF COUNSEL

May 26, 2021

**FILED**
JUN 09 2021
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

The Honorable Judge Charles Norgle
219 S. Dearborn St.
Chicago, IL 60604
Email: eric_fulbright@ilnd.uscourts.gov

The Honorable Judge Charles Kocoras
219 S. Dearborn St.
Chicago, IL 60604
Email: Proposed_Order_Kocoras@ilnd.uscourts.gov

Re: <u>Marci Webber v. State of Illinois et al</u>
    20 CV 7807

Re: <u>Marci Webber v. Fernandez et al</u>
    21 CV 656

Dear Judge Norgle and Judge Kocoras:

As you know I was appointed by each of you to represent Ms. Marcie Webber in Pro se cases she filed in the US District Court for the Northern District of Illinois. Ms. Webber's is a tragic case which began when she took the life of her four year old daughter while under the influence of psychotropic drugs in 2010. In a bench trial in 2012 Judge Bakalis found her not guilty by reason of insanity (NGRI) due to the fact that she could not discern between right and wrong or conform her behavior to the norms of society due to the ingestion of large amounts of several prescribed psychotropic medications.

However, after the NGRI verdict, Judge Bakalis remanded Ms. Webber to the custody of the Illinois Department of Human Services (IDHS) for treatment for her psychosis and until such time as she was no longer psychotic and no longer a danger to herself or others.

Ms. Webber petitioned for conditional release which was denied by Judge Bakalis in 2014. In 2017 Ms. Webber once again petitioned for conditional release and Judge Bakalis held a formal hearing in 2019 wherein numerous mental health experts testified. After the conclusion of testimony, Judge Bakalis ruled in September, 2019 that Ms. Webber was no longer psychotic, no longer a danger to herself and



others and no longer needed in patient treatment while in the custody of IDHS. Judge Bakalis entered an order of discharge from IDHS custody conditioned on requirements that Ms. Webber receive outpatient care and attend various programs which would continue to be monitored by IDHS. Ms. Webber was released and began her outpatient treatment in December, 2019.

The State's Attorney of DuPage County made a motion in front of Judge Bakalis to stay the release which was denied. The State then filed an appeal of Judge Bakalis' order and moved for a stay in the Second District Appellate Court which was granted. Ms. Webber returned to IDHS in Elgin, Illinois and was subsequently transferred to the IDHS facility at Reed Mental Health Center in Chicago. The appeal has been briefed and argued but, the Second District has not issued a ruling.

When I was appointed by you to aid Ms. Webber, I found that after 15 months the Second District had not issued a ruling and that Judge Bakalis had retired and the case assigned to Judge Daniel Guerin at the trial level. Under the Mental Health Act and the Illinois Code of Corrections IDHS is required to file 90 day reports with the trial court setting forth the care received by the inpatient, the state of the patient's condition and the future needs of the patient. The report is signed by all 6 members of the inpatient's treatment team.

In February, 2021, the IDHS treatment team for Ms. Webber unanimously concluded that Ms. Webber was no longer psychotic and no longer a threat to anyone. The team concluded that Ms. Webber no longer needed inpatient care and, in fact, being kept in custody could be threatening to Ms. Webber's mental health and continuing recovery. The team argued that Ms. Webber should receive a conditional release and be monitored by IDHS.

Upon reviewing the complaints filed in federal court and the state of the proceedings in state court, I felt that she was close to release by the state court and I could better aid Ms. Webber by trying to obtain her conditional release under the state court process which had come close to her release. With the aid of other attorneys we filed a motion to dismiss the appellate case since, at this time her treatment cadre had come to the unanimous conclusion that Ms. Webber should be conditionally released. Again, three months later the Second District has neither ruled on our motion nor issued an opinion in the appeal.

I filed another Petition for Conditional release before Judge Guerin as is permitted under the Mental Health Code. The petition was vehemently opposed by the State's Attorney's office not IDHS. Judge Guerin at the request of the State's Attorney ordered an "independent" mental health evaluation and report by a psychologist from the DuPage County Probation Department and denied our request to attend the examination or to videotape it. On prior occasions so called "independent" examinations of Ms. Webber had all been videotaped. On May 11, 2021 the IDHS treatment cadre presented another 90 day report to Judge Guerin which confirmed its conclusions under the February, 2021 report that Ms. Webber should be released on a conditional basis and that her treatment would be more effective as an outpatient.

It is my belief that even if we are successful under the latest petition for conditional release, the State's Attorney of DuPage County will obstruct her release by filing another appeal and motion to stay in the

Second District Appellate Court. Under the circumstances I feel she has now exhausted her State remedies and a petition for a writ of Habeas Corpus is justified.

However, I must bring to your attention the subject of my appointment. I have spent hundreds of hours on this matter and Ms. Webber phones me or members of my firm at least 10 times a day and has filled up my voicemail more times that I can count. Ms. Webber self-reports that she attended law school for 2 years but did not graduate. Many times we are at loggerheads over how to further proceed and she calls numerous other lawyers and consults the internet for research on issues, sometimes germane sometimes not, and tries to insist that I proceed as she wishes because "she is the client and I must do what she wishes". I have spent hours explaining why I am doing what I think is most likely to gain her freedom and that I cannot do things just because the client suggests them if I feel they are not supported by the law. I mention this because I feel I may be coming to an impasse with Ms. Webber and will no longer be able to represent her.

The next state court status hearing is on June 4, 2021. At that time I will know more about the timeline for our present Petition for Conditional Discharge.

Thank you for your assignment of this unusual and interesting matter.


*/s/ Daniel F. Gallagher*
    Daniel F. Gallagher